UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:25-cv-2326

CHAD ANDREWS AND
KARLA ANN TROYER,

    Plaintiffs,

vs.

NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE
SERVICING LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiffs Chad Andrews and Karla Ann Troyer (collectively, "Plaintiffs" or "the Andrews"), by and through undersigned counsel, brings this action against the Defendant, NewRez LLC d/b/a Shellpoint Mortgage Servicing LLC ("Shellpoint" or "Defendant"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of

RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, the Andrews seek the remedies provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because the property (the "subject property") is located in Sarasota County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, the Defendant was and is a Delaware company duly licensed to transact business in the State of Florida.

8. At all times material hereto, the Andrews owned and continue to own the subject property, which is in Sarasota County, Florida with an address of 4710 Hoxie Lane, Sarasota, Florida 34233.

9. At some point in time prior to the violations alleged herein, the Defendant was hired to service a loan on the subject property.

10. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

11. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number XXXXX6752.

## BACKGROUND AND GENERAL ALLEGATIONS

12. The Andrews issued a loan secured by their home for what was intended to be their family's primary residence. The Andrews executed a promissory note and mortgage. It is this loan that is now being serviced by the Defendant.

13. The Andrews were issued a Mortgage loan by On Q Financial, Inc., on September 30, 2014.

14. Recently, the Andrews had questions regarding the additional and unexplained fees and costs that were included in a reinstatement quote, and so, the Andrews hired the undersigned counsel to investigate the servicing of their loan.

15. In the efforts to assist the Andrews, undersigned counsel sent a TILA Request and Request for Information under Regulation X ("RFI") to Defendant on April 30, 2025. A copy of the RFI is attached as Exhibit "A" to this Complaint.

16. The Andrews will not detail every request in the RFI in the body of this Complaint but incorporates Exhibit "A" into the Complaint.

17. The RFI specifically sought information directly related to why there were some unexplained fees and charges included in a reinstatement quote from Defendant to bring their loan current.

18. Despite receiving the RFI on April 30, 2025, Defendant completely failed to respond.

19. Based solely on Defendant's failure to respond to the RFI that was received on April 30, 2025, the Andrews' counsel sent a 10 Day Notice and Opportunity to Cure ("10 Day NOE") on June 20, 2025, reminding Defendant of their obligation to respond. A copy of the 10 Day NOE is attached as Exhibit "B" to this Complaint.

20. Defendant received the 10 Day NOE on June 23, 2025.

21. To date, Defendant has completely failed to respond to the RFI or the 10 Day NOE.

22. Without the explanations sought in the RFI, the Andrews have no way of knowing whether the unexplained charges and fees included on the reinstatement quote from Defendant to bring their loan current are proper or violate RESPA.

23. The Defendant was required to provide a written response to the Andrews' RFI within thirty business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

24. There is no question that Defendant received the RFI and that Defendant has yet to provide a compliant response or even any response whatsoever.

25. The 10 Day NOE provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request. However, Defendant has still failed to comply.

26. Despite Plaintiffs' efforts, the Defendant has failed or refused to respond to the Andrews' RFI, contrary to 12 C.F.R. §1024.36(d)(2)(i)(B), in violation of RESPA.

## COUNT I – VIOLATION OF 12 U.S.C. § 2605(k)

27. The Andrews repeats, re-alleges and incorporates by reference paragraphs 7 through 26 against the Defendant.

28. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
>
> ****
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)

29. Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

30. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

31. Defendant's failure to respond to the Request for Information is a violation of federal Regulation X.

32. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing any written response to a request for information within the required timeframe.

33. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

34. The Andrews have hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

35. The Andrews been injured in fact and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Andrews and other consumers like them. The threshold of the Defendant's violations stems from the failure to provide the information requested in the Request for Information. These injuries are also in the form of postage costs for sending Exhibit "B", emotional distress damages due to living with the uncertainty of whether the counting interest being asserted and not getting mortgage statements for so long is lawful or not, the default related fees that are being accumulated on the loan, worrying about whether the family home will be lost to foreclosure and how the servicing discrepancy occurred in the first place, and for

wasting time having to consult with an attorney about Defendant's failure to respond.

36. Therefore, the Andrews' injuries result in part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual.

37. The Andrews are entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing the Andrews' 10 Day Notice (Exhibit "B") and (2) emotional distress . See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).  Mr. Cushe has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing his property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Mr. Cushe's concerns relating to his loan. See Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

38. The Andrews are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Chad Andrew and Karla Ann Troyer, respectfully asks this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in the Andrews' request for information with detail and specificity;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Chad Andrews and Karla Ann Troyer hereby demand a trial by jury of all issues so triable.

Dated: September 2, 2025                Respectfully Submitted,

/s/ *Jennifer Simil*
Jennifer Simil, Esq.
FL Bar No.: 1018195
E-mail: jennifer@fight13.com

Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

***Attorney for Plaintiff***

<u>/s/ Matthew D. Bavaro</u>
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

***Attorney for Plaintiff***

<u>/s/ Jessica Krassner</u>
Jessica Krassner, Esq., LL.M.
FL Bar No.: 1000355
E-mail: jessica@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

***Attorney for Plaintiff***